Daniel, Judge,
after stating the case, proceeded as follows: In ordinary cases, where a party elaims under a sheriff, he is compelled to produce a judgment and execution against the debtor, as'well as the Sheriff’s deed. If the owner of the land, was indebted for the taxes, the lessor of the plaintiff had it in his power to shew that fact from the records of the court. The law requires all persons to list with the justice their taxable property. If an owner of land neglects to attend the justice, and give in his list, the justice is directed to appoint a freeholder in the neighborhood, to value the land on oath; and the freeholder is to return the valuation to the justice, who adds it to his list, and returns it into the County Court. In case of the failure of the owner and the magistrate, it then is the duty of the sheriff, within the time prescribed for collecting the taxes, to summon a freeholder to value the land on oath: A fair transcript of *387 such valuation the freeholder is directed to send to the clerk of the County Court, before the next succeeding court; and the clerk shall incorporate the return with those made by the justice. And the freeholder is also to deliver to the sheriff another transcript of the same. The tax lists thus returned, are directed to be recorded by the clerk. These records, as it seems to us, are in the nature of judgments against each individual on the lists, for the sums respectively set against their names. , Within thirty days after the court to which the lists are returned, the clerk is to deliver a copy of the lists to the sheriff, and he is to collect the taxes due, by distress and sale, or otherwise. The certified copies of the tax lists, delivered by the clerk to the sheriff, are, in law, his warrants of distress, or executions a'gainst the property of each individual for the satisfaction of the money due on them.— If there is no personal property to be found, the sheriff is to distrain the land, and after advertising the same, as the law directs, and also performing the duties prescribed by the act of 1819, 1 Rev. Stat. ch. 102, sec. 52 and 53, he will sell the same, or so much thereof as^shall be sufficient for the payment of the taxes due, and the costs of the sale. It seems to us, therefore, that until it be shewn, by competent evidence, that a specific tax has been legally ascertained to be due, the authority of the sheriff to sell for a tax does not appear — arid as his sale can operate to transfer title only by force of his authority, unless that authority be shewn, his deed passes no estate.
Per Curiam. Judgment affirmed.